v. Kraft, Gross & Company. In this case there were three
issues of fact: Whether the appellant made the contract sued
on, whether there was a breach and what were the damages.
The case was tried by the court without a jury, and while
there was a conflict of evidence on some points, an examina-
tion of the record satisfies the court that the findings of the
trial court were correct. Affirmed. Opinion PER CURIAM.
Judge below, JOSEPH E. GARY. Attorneys, for appellant, Mr.
R. L. TATHAM; for appellee, Mr. W. W. GURLEY. Opinion
filed April 28, 1886.

No. 36—2306. L. J. Hiltz v. O. M. Wells. Judgment by
confession was entered in the court below in favor of defend-
ant in error and against plaintiff in error on a judgment note
for $273.05. A motion was entered to set aside the judgment,
and an affidavit in support of the motion was made by plaintiff
in error. The court is unable to see from the facts set out in
the affidavit that plaintiff in error has any valid defense to the
note, and the motion to set aside the judgment was prop-
erly overruled. Opinion PER CURIAM. Judge below, ROLLIN
S. WILLIAMSON. Attorneys, for plaintiff in error, Mr. G.
G. BELLOWS; for defendant in error, Mr. JOHN R. PARKER.
Opinion filed April 28, 1886.

No. 49—2319. John D. Caton v. Charles Bent et al. An
action by appellant, Caton, against the appellees, Bent and
five others, to recover damages for an alleged injury to
plaintiff's property. The declaration contains but one count,
in a plea of trespass on the case as it is stated; but in the body
of it is stated a cause of action in trespass to certain described
real estate, situate upon the dock of the Illinois & Michigan
Canal, in the city of Chicago, the plaintiff averring possession,
and that defendants unlawfully entered and tore down a fence
thereon, also that they dumped divers large quantities of mud
taken from the canal upon the same. The same count also
sets up that plaintiff was the owner of divers articles and kinds
of goods and chattels, among which was a steam engine, which
were then upon said premises, which, by the unlawful acts of
the defendants in dumping said mud on said premises, became
covered or spattered with the same and thereby injured. The
case was tried before a jury upon pleas of defendants denying
their guilt, and when the plaintiff had introduced his evidence

and rested, the court, on motion of defendants' counsel, excluded all of plaintiff's evidence from the jury, who returned a verdict for defendants, on which judgment passed and plaintiff appealed to this court, assigning that ruling for error. In order to recover as respects the real estate it was indispensable to plaintiff's case that he prove possession; and as respects the goods and chattels it was indispensable to prove that plaintiff had some property, general or special, in such goods and chattels, or some of them, at the time of the alleged injury. As plaintiff failed to prove these essential elements of his case the action of the court below was proper. Judgment affirmed. Opinion by McALLISTER, J. Judge below, SIDNEY SMITH. Attorneys, for appellant, Mr. CHAS. E. TOWNE; for appellees, Messrs. CAMPBELL, HAMILTON & CUSTER, and Messrs. SWIFT & CAMPBELL. Opinion filed April 28, 1886.

No. 32—2302. Gertrude M. Jewett v. A. L. Jewett. In February, 1884, appellant obtained a decree of divorce from appellee, and by it was awarded the custody of their three sons, and alimony for the support of herself and said three sons fixed at the sum of seventy-five dollars per month, Both parties married again, appellant becoming the wife of a man whom the record shows was of ample means. Soon after his marriage to his present wife appellee filed his petition to open the former decree as to the custody of the children. Appellant resisted the application but the court opened the decree and heard evidence at considerable length. The court permitted the two elder sons to elect with which parent they would remain, and they selected their mother. At the time of this hearing the oldest son was upward of seventeen years of age and had been employed as a clerk. The second son was fifteen years old, and the youngest eleven and something over. The court, by its final order in the matter of appellee's petition, left the custody of the sons with appellant but reduced the alimony to twenty dollars per month, which sum appellee was ordered to pay for the support and education of the youngest boy. This order appellant assigns for error, alleging that the order should have been for a larger amount, and should have made provision for the support of the second son. This court can not say that the judgment arrived at by the chancellor ought to be different. Affirmed. Opinion PER